IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TASHA RENEE RAINEY,<br><br>Defendant. | CR 19–44–BLG–DLC<br><br><br>ORDER |

Before the Court is Defendant Tasha Renee Rainey's Motion for Early Termination of Supervision. (Doc. 142.) Rainey pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, and on September 30, 2019, Rainey was sentenced to a custodial sentence of 48 months, followed by five of supervised release. (Doc. 93.) Rainey began her period of supervised release on June 14, 2022. (Doc. 143.) Rainey now seeks the premature termination of her remaining term of supervised release, which is set to terminate on June 14, 2027. (Doc. 142) Neither the United States Attorney's Office nor the United States Probation Office objects to the motion. (Doc. *Id*.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to

1

the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Rainey began her five-year term of supervised release on June 14, 2022, rendering her statutorily eligible for the premature termination of her remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense."

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Rainey's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Rainey waives it, or if the proposed modification is favorable to her and the United States does not object. The premature termination of Rainey's supervised release is obviously favorable to her and the United States does not object. (Doc. 143.) Accordingly, the Court will dispose of this matter without a hearing.

2

18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Rainey's remaining term of supervised release. Rainey completed both the RDAP program while incarcerated as well as a period of aftercare. (Doc. 143 at 4.) Upon her release, she participated in an educational program at Billings Adult and Community Education, successfully completing Fundamentals of Dental Assisting, Keyboarding, Computer Fundamentals/Windows, Math Essentials, and English Essentials. (*Id.*) Rainey subsequently received certification in Radiology for Dental Assistants and successfully completed the Radiation Health and Safety exam. (*Id.*) Since September 2023, Rainey has been employed with Elite Dental Center as a dental assistant. (*Id.*) Finally, Rainey has had no known instances of noncompliance while on supervision. The Court wishes her luck.

Accordingly, IT IS ORDERED that the motion (Doc. 143) is GRANTED.

IT IS FURTHER ORDERED that Rainey's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 17th day of March, 2024.

_____
Dana L. Christensen, District Judge
United States District Court